{¶ 28} I respectfully dissent from the majority's decision reversing the trial court's judgment. The trial court's decision to grant temporary custody finds support in a number of factors: the age of Mother, her lack of maturity, her volatile relationship with V.R.'s father, the undesirable company she kept, Mother's past chemical dependency which twice resulted in treatment, and finally her decision to use marijuana and alcohol while she was in labor with V.R. The majority cites our decision in In re R.S. which, it concedes, did not involve prenatal drug use. The majority, however, concludes that it is similar to these facts because there was no positive toxicology screen for the baby. It then compares the Blackshear case in which there was ongoing prenatal drug use which did result in a positive toxicology screen for the baby. In reversing the grant of temporary custody, the majority reaches a result which appears to protect the interest of Mother because her later screens were negative.
 {¶ 29} This analysis, however, misses the point that the trial judge was making. The fact that the toxicology report for V.R. came back negative was a gamble, a situation over which Mother relinquished control when she rolled the dice and decided to use drugs during labor. It is the risk she took that was the issue before the trial court, not the result. There is no question that the risk of *Page 16 
ingesting illicit drugs during labor is qualitatively different from being in an environment where drugs are being used. This risk-taking is a theme that is woven throughout the testimony that was before the trial court. Grandmother recognized it when she reported Mother's coming and going at all hours of the day and night. Grandmother, who attempted to provide a stable environment for Mother and V.R. finally threw up her hands in desperation. The majority correctly speaks to the need for the trial court to examine the environment in which the child would live. That is precisely what the trial court did. I would find that there is clear and convincing evidence in the record to support that decision.
 {¶ 30} Accordingly, I would affirm. *Page 1